IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| KIMBERLY ALLEN<br>169 N. Wilson Rd #309<br>Columbus, OH 43204<br><br>Plaintiff,<br><br>v.<br><br>SILVERBACK MOVING INC<br>c/o Statutory Agent: James Schea<br>449 N. Eton, Suite 503<br>Birmingham, MI 48009<br><br>Defendant, | Civil Action No. _____<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

## COMPLAINT

Now comes Plaintiff, Kimberly Allen ("Plaintiff") by and through counsel, for her Complaint against Silverback Moving, Inc.("Silverback") ("Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, Ohio Wage Act ("Ohio Wage Act") including the Ohio Prompt Pay Act ("OPPA"), and O.R.C. §§ 4111 *et seq.*.

2. Venue is proper in this forum pursuant to 28 U.S.C. §1391 as Plaintiff was employed by Defendant in this District, a substantial part of the events or omission giving rise to the claims of Plaintiff occurred in this District, and Defendant have done substantial business in this District.

3. This Court has federal question jurisdiction over this action as to the FLSA claims pursuant to 29 U.S.C. §§ 201, *et seq.* of the FLSA and 28 U.S.C. § 1331.

## PARTIES

4. Plaintiff is an individual, United States citizen, and a resident of Franklin County, Ohio.

5. Plaintiff was employed by Defendant from March 27, 2017 to approximately early April of 2020.

6. Silverback is registered as a domestic for-profit corporation in Michigan. Silverback's Michigan registered agent is James Schea, 449 N. Eton, Suite 503, Birmingham, Michigan, 48009.

7. Defendant Silverback is a moving company which sells and schedules moving services across the U.S. primarily focused in Indiana, Kentucky, Ohio, and Michigan, among other services.

8. Defendant performed services in Ohio which gave rise to this action.

## FACTS

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

10. Defendant is an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Defendant hired Plaintiff as a dispatcher.

12. Defendant hired Plaintiff as an employee that was paid hourly at an annual "salary" rate.

13. Upon information and belief, Plaintiff did not sign an Independent Contractor Agreement or any other employment agreement of any kind.

14. Plaintiff did not receive an employee handbook upon hiring.

15. Upon hiring, Defendant agreed to pay Plaintiff $13.00 to $15.00 per hour depending on how many loads were running at one time during her shift and the contractual rates with each client being serviced for each load.

16. Defendant paid Plaintiff by the hour from her "clock in time" (the first time a truck picked up a load) until her "clock out time" (the time the last truck completed its load) regardless of work conducted before or after the load is completed.

17. Plaintiff did not have a set work schedule and would work anywhere from four (4) to twenty (20) hours per day, depending upon how many loads were active each day.

18. Most days Plaintiff would begin work two (2) to five (5) hours before her "clock-in;" she would: get supplies to the crews with their paperwork for the day; fuel trucks if needed; or allocate fuel cards to drivers for fueling while on the road; send copies of fuel receipts for payment; give customers estimated times of arrival when crew members failed to do so; create daily reports for supervisor describing "who, what, and where of the day;" distribute supplies for trucks; order rental trucks when needed, answered incoming calls with customer concerns; customer questions, or customer messages; check payroll and send to supervisor for processing; ensure crew was in uniform; replace no call/no shows or out sick crew members; check schedule for moves the following day; answer previous day's calls and messages; check e-mail for messages and cancellations; relayed information for special requests or other necessary information for moves to occur that day; answer crew questions about payroll, scheduling, and days off; supply

paperwork, explain policies, and copy identification for any new hires starting that day; filter new hire paperwork up to supervisors; and order supplies.

19. Plaintiff was not paid at her hourly rate for time worked prior to her "clock in" time.

20. Plaintiff often worked two (2) to five (5) hours after her "clock-out" time; she would: track trucks by GPS to ensure crew made it back to the yard safely; take customer calls with billing questions and explain charges; discuss damages and take damage reports from customers; create final reports for end of day activities, enter payroll hours and send to supervisor; take calls from supervisor with instructions, questions, or concerns; make sure fuel cards were returned when crews returned from service; make sure trucks were parked and locked and that all equipment was accounted for.

21. Plaintiff was not paid at her hourly rate for time worked after the "clock-out" time.

22. Defendant did not have a formal or electronic method, such as a time clock or computer software, for Plaintiff to record the actual number of hours she worked each day.

23. At the beginning of her employment, Defendant instructed Plaintiff to track her hours by writing down how many hours she was to be paid for each of the Defendant's contracts.

24. Plaintiff created her own spreadsheet to track the hours she worked.

25. Once Plaintiff created the spreadsheet, she was directed by Defendant to only track time that her crew arrived at the first customer to the time the last crew left the customer for the final move of the day.

26. At the end of each pay period, Plaintiff would provide a screenshot of her spreadsheet containing her tracked hours to Defendant by text message and would be paid for the hours tracked.

27. Defendant failed to pay at least the minimum wage for all hours worked by Plaintiff.

28. Defendant's failure to pay wages for all hours worked was a willful act and Defendant lacked a good faith basis for its failure.

29. Plaintiff worked in excess of forty (40) hours in a workweek over the last three years and was not paid 150% of her regular hour rate for those hours worked over forty (40).

30. Defendant failed to pay Plaintiff all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month as required by ORC § 4113.15.

31. Defendant's failure to pay wages timely was a willful act and Defendant lacked a good faith basis for its failure.

32. Defendant's failure to pay Plaintiff 150% of her regular hourly rate for all hours she worked in excess of forty (40) in a workweek was a willful act and Defendant lacked a good faith basis for its failure.

33. Defendant paid Plaintiff as an hourly W-2 employee in some weeks and as an independent contractor with wages reported on a 1099.

## COUNT I:
## Violation of the FLSA: Failure to Pay Overtime
## 29 U.S.C. § 207

34. All previous paragraphs are incorporated as though fully set forth herein.

35. Plaintiff brings this cause of action under 29 U.S.C. § 216(b).

36. Defendant is required under the FLSA, 29 U.S.C. § 207, to pay wages to Plaintiff at a rate no less than one-and-one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

37. Defendant did not pay Plaintiff overtime compensation, no matter how many hours she worked each workweek.

38. Plaintiff is not exempt from receiving overtime benefits under the FLSA because they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.

39. Plaintiff is not an independent contractor pursuant to the requirements set forth by the FLSA.

40. Defendant required Plaintiff to record some hours worked by writing down the hours associated with each contract and sending them to Defendant.

41. Defendant did not have a mechanism for tracking any of Plaintiff's hours that it suffered or permitted her to work prior to her "clock-in" time or after her "clock out" time.

42. Defendant willfully failed and refused to pay Plaintiff overtime wages, as required under the FLSA, for all hours worked in excess of forty (40) per week as Defendant paid Plaintiff her regular hourly rate regardless of hours worked.

43. Defendant's willful failure and refusal to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours per week in individual workweeks at a rate of at least one and one-half her regular rates violate the FLSA, 29 U.S.C. §§ 207, 255.

44. As a result of these willful unlawful practices, Plaintiff suffered a loss of wages and is entitled to recover unpaid wages for up to three years prior to the filing of their claims, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

45. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages; or were not kept by Defendant.

**COUNT II:**
**Violation of the FLSA: Failure to Pay Minimum Wage**

**29 U.S.C. § 206**

46. All previous paragraphs are incorporated as though fully set forth herein.

47. The FLSA requires that employers compensate all non-exempt employees for every hour worked in a workweek. *See* 29 U.S.C. § 206(a)-(b).

48. At all times relevant to this Complaint, Plaintiff was not exempt from the minimum wage provisions of the FLSA.

49. As a result of Defendant's failure to track all hours worked by Plaintiff, there are weeks that Defendant failed to pay Plaintiff at least the minimum wage for all hours worked, in violation of the FLSA.

50. In violating the FLSA, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

51. Defendant violated the FLSA, 29 U.S.C.§206, by refusing to pay Plaintiff for any hours worked outside of hours where a load was active, regardless of whether she was actually engaged in work.

52. Plaintiff suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though, Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

53. Defendant is a sophisticated party and employer, and therefore knew (or should have known) its policies violated the FLSA.

54. Plaintiff, on the other hand, trusted Defendant to pay minimum wage in accordance with the law.

55. The decision and practice by Defendant to not pay minimum wage for all hours worked was neither reasonable nor in good faith.

56. Accordingly, Plaintiff is entitled to wages for all hours worked pursuant to the FLSA in an amount equal to her regular rate of pay, plus damages, attorneys' fees and costs.

## COUNT III:
## Violation of the Ohio Wage Act: Failure to Pay Overtime
## ORC §§ 4111.03

57. All previous paragraphs are incorporated as though fully set forth herein.

58. The Ohio Wage Act requires that employees receive overtime compensation (150%) "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A).

59. Defendant is a covered employer required to comply with the Ohio Wage Act.

60. Plaintiff is a covered employee entitled to the Ohio Wage Act's protections.

61. Plaintiff is not exempt from receiving overtime benefits under the Ohio Wage Act because, inter alia, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.

62. During all times material to this complaint Defendant violated the Ohio Wage Act with respect to Plaintiff by failing to compensate her at the required rate of (150%) one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in one workweek.

63. Defendant willfully failed and refused to pay Plaintiff overtime wages for all hours worked in excess of forty (40) per week, as Defendant paid Plaintiff her hourly rate based on the

number of loads active regardless of how many hours she worked in violation of the overtime provisions of the Ohio Wage Act.

64. Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### COUNT IV:
### Violation of the Ohio Wage Act and Article II, Section 34a of the Ohio Constitution: Failure to Pay Minimum Wage
### ORC §§ 4111.02and §§ 4111.14

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Section 34a of Article II of the Ohio Constitution requires that every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a.

67. In 2019, the Ohio minimum wage for non-exempt employees was to $8.55 per hour.

68. Plaintiff is not exempt from the minimum wage provisions of the Ohio Constitution or the Ohio Wage Act.

69. Defendant violated the Ohio Constitution by refusing to pay Plaintiff for any hours worked that did not coincide with an active load.

70. In violating the Ohio Constitution, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable Ohio law.

71. Defendant's failure to pay Plaintiff the lawful Ohio minimum wage rate entitles Plaintiff to treble damages, attorneys' fees and costs and any other such relief the Court would grant.

### COUNT IV:
### Violation of the Ohio Prompt Pay Act: Failure to Promptly Pay Wages
### ORC §§ 4113.15

72. All previous paragraphs are incorporated as though fully set forth herein.

73. The Ohio Prompt Pay Act ("OPPA") requires that employers pay all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

74. Defendant was covered by the OPPA as it is an employer doing business in Ohio. ORC 4113.15.

75. Plaintiff was not paid all wages, including minimum wage and overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work.

76. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday – weekly on Wednesdays.

77. Plaintiff has been harmed and continues to be harmed by Defendant's acts or omissions described herein.

78. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**COUNT V:**
**Violation of ORC §§ 4111.14(G): Failure to Provide Records as**
**To Wages and Hours Worked Upon Request**

79. All previous paragraphs are incorporated as though fully set forth herein.

80. O.R.C. § 4111.14(G) requires employers provide, at no charge, information at the request of an employee or person acting on behalf of an employee information including name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee making such a request.

81. On or about February 20, 2020 Plaintiff requested records pursuant to O.R.C. § 4111.14(G) through her attorney.

82. Pursuant to the records request, a response to Plaintiff's request a response was due by March 23, 2020.

83. To date, the employer has not provided records pursuant to Plaintiff's request.

84. In violating under O.R.C. § 4111.14(G) of the Ohio Wage Act, Defendant has acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant for all counts as follows:

A. Order holding Plaintiff is a non-exempt employee;

B. Order holding Plaintiff is not an Independent Contractor;

C. Order holding Defendant violated O.R.C. § 4111.14(G) by failing to keep and provide records upon request of Plaintiff;

D. Order holding Defendant's actions, as described above were willful;

E. An award to Plaintiff for the amount of unpaid wages owed;

F. An award to Plaintiff for 100% liquidated damages for all owed wages pursuant to Defendant's willful conduct;

G. An award of reasonable attorneys' fees and costs; and

H. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

Date: June 19, 2020                     Respectfully submitted,

/s/ *Jessica R. Doogan*
Jessica Doogan (OH Bar No. 0092105)
Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE**
**WENTZ MCINERNEY PEIFER, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: jdoogan@barkanmeizlish.com
    bderose@barkanmeizlish.com

*Attorneys for the Plaintiff*